SUMMARY ORDER

We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
Rodriguez-Nieves brings six challenges in this appeal. He argues that the district court erred by:
(1) Failing to conduct an evidentiary hearing on his motion to suppress;
(2) Concluding that his arrest was based on probable cause;
(3) Failing to suppress (as fruit of the poisonous tree) evidence seized following the unlawful arrest;
(4) Violating the ban on double jeopardy;
(5) Finding the evidence sufficient as to Count Four; and
*716 (6) Denying him due process by allowing the government to introduce evidence of narcotics violations not mentioned in the indictment in support of the continuing criminal enterprise charge.
[1] Rodriguez-Nieves argues that, without a suppression hearing, he was unable to test the “reliability, accuracy and staleness” of the affidavit information which formed the basis of his arrest.
The Court reviews a denial of a request for a suppression hearing for abuse of discretion. See United States v. Levy, 377 F.3d 259, 264 (2d Cir.2004). An evidentia-ry hearing on a motion to suppress is ordinarily required “if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question.” United States v. Pena, 961 F.2d 333, 339 (2d Cir.1992) (internal quotation marks omitted).
The district court’s ruling was well within its discretion. Rodriguez-Nieves never clearly asked for such a hearing and argued instead that suppression was warranted because the uncontested facts in the relevant affidavit did not support probable cause to justify a warrantless arrest (a legal question, not a factual one). And Rodriguez-Nieves never submitted a sworn affidavit contesting any facts in the government’s affidavit.
[2] Rodriguez-Nieves argues that his arrest was effected without probable cause. We review the district court’s determination of probable cause de novo, but we must “take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts” by the district judge and law enforcement officers. Ornelas v. United States, 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996).
Probable cause exists “if the law enforcement official, on the basis of the totality of the circumstances, has sufficient knowledge or reasonably trustworthy information to justify a person of reasonable caution in believing that an offense has been or is being committed by the person to be arrested.” United States v. Patrick, 899 F.2d 169, 171 (2d Cir.1990). We review the totality of the circumstances. United States v. Delossantos, 536 F.3d 155, 161 (2d Cir.2008). In that review, “[t]he fact that an innocent explanation may be consistent with the facts alleged ... does not negate probable cause.” United States v. Fama, 758 F.2d 834, 838 (2d Cir.1985).
In this case, the district court concluded (as follows) that, on the basis of the totality of the circumstances, the police had probable cause to arrest Rodriguez-Nieves:
We have the identification of Mr. Rodriguez as responsible for distributing great quantities of drugs picked up in Queens and delivered to various locations around the Bronx from several sources. We know that there were undercover purchases from members of Mr. Rodriguez’s group in the Bronx. We know that there were undercover law enforcement buys. The officer saw Mr. Rodriguez driving toward Queens; saw him later in the Bronx with an individual who came out of the building with an object in his hands, got into the ear, and as the officers approached they observed Mr. Rodriguez attempting to discard his cell phone.
We agree that these facts were sufficient to establish probable cause.
Rodriguez-Nieves argues that, notwithstanding those circumstances, the officers observed nothing but innocent conduct at the time of his arrest. But probable cause for arrest was established in the course of *717 the officers’ prior investigatory work. “Good police practice often requires postponing an arrest, even after probable cause has been established....” United States v. Watson, 428 U.S. 411, 481, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976) (Powell, J., concurring); see also Fama, 758 F.2d at 838 (“Although the search warrant was issued thirty-five days after the ... incident, it was sought at the culmination of a major investigation into ongoing, long-term criminal activity. Such a time lag under these circumstances will generally not affect probable cause.”).
[3] Rodriguez-Nieves argues that evidence seized from his person and vehicle at the time of his arrest, along with evidence obtained from search warrants derived from the fruits of that arrest and search, must be suppressed under the exclusionary rule because the arrest was not supported by probable cause.
Because the arrest and search were supported by probable cause, there was no unconstitutional police conduct and the exclusionary rule does not apply.
[4] Rodriguez-Nieves argues that pursuant to the Supreme Court’s decision in Rutledge v. United States, 517 U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996), he cannot properly be convicted of being the principal administrator of both a continuing criminal enterprise under § 848 (Count Three) and of the lesser included offenses: (i) conspiracy to distribute narcotics under § 846 (Count One), and (ii) basic administration of the same continuing criminal enterprise under § 848 (Count Two).
In Rutledge, 517 U.S. at 294, 116 S.Ct. 1241, the Supreme Court considered whether a defendant had been properly convicted of both participating in a conspiracy to distribute controlled substances (21 U.S.C. § 846) and of conducting a continuing criminal enterprise (21 U.S.C. § 848), notwithstanding that both counts were based on the same agreement and organization. Id. at 294, 116 S.Ct. 1241. The Supreme Court held that “[a] guilty verdict on [the] § 848 charge necessarily includes a finding that the defendant also participated in a conspiracy violative of § 846; conspiracy is therefore a lesser included offense of [continuing criminal enterprise] ... [and] we adhere to the presumption that Congress intended to authorize only one punishment. Accordingly, one of petitioner’s convictions, as well as its concurrent sentence, is unauthorized punishment for a separate offense and must be vacated.” Id. at 307, 116 S.Ct. 1241 (internal quotation marks and brackets omitted).
Here, the government concedes that it should have moved to dismiss the lesser included offenses of Counts One and Two at Rodriguez-Nieves’s sentencing proceeding and requests that the Court dismiss Counts One and Two of the indictment and reduce the mandatory special assessment to $200. We agree that Rodriguez-Nieves’s judgment and conviction must be amended in light of Rutledge, and we remand to the district court with instructions to vacate and amend the judgment accordingly.
[5] Rodriguez-Nieves challenges the sufficiency of the evidence with respect to his conviction under Count Four for distribution and possession with intent to distribute one or more kilograms of heroin stored in January 2005 at apartment 512, 81-10 135th Street, Queens, New York, in violation of § 841(b)(1)(A).
“We review de novo a challenge to the sufficiency of the evidence and affirm if the evidence, when viewed in its totality and in the light most favorable to the government, would permit any rational jury to find the essential elements of the crime beyond a reasonable doubt.” United States v. Yannotti, 541 F.3d 112, 120 (2d Cir.2008) (internal quotation marks omit *718 ted). A defendant challenging the sufficiency of the evidence “bears a heavy burden.” United States v. Jackson, 335 F.3d 170, 180 (2d Cir.2003) (internal quotation marks omitted). In evaluating a sufficiency of the evidence claim, the court must view “all of the evidence in the light most favorable to the government,” United States v. Aleskerova, 300 F.3d 286, 292 (2d Cir.2002), must “resolve all issues of credibility in favor of the jury’s verdict,” United States v. Desena, 287 F.3d 170, 177 (2d Cir.2002) (internal quotation marks omitted), and must “credit[] every inference that the jury might have drawn in favor of the government,” United States v. Morrison, 153 F.3d 34, 49 (2d Cir.1998) (internal quotation marks omitted). But the court will not disturb a conviction unless no “rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” United States v. Bruno, 383 F.3d 65, 82 (2d Cir.2004) (internal quotation marks omitted).
Here, the government’s evidence included the testimony of cooperating witnesses, physical evidence seized by law enforcement, and Rodriguez-Nieves’s own recorded conversations. Viewing the evidence “in the light most favorable to the government,” Aleskerova, 300 F.3d at 292, and “crediting every inference that the jury might have drawn in favor of the government,” Morrison, 153 F.3d at 49 (internal quotation marks omitted), the jury was free to conclude that Rodriguez-Nieves operated part of his drug ring from the location in question, that police seized over six kilograms of heroin from that location in January 2005, and that Rodriguez-Nieves received and distributed several kilograms of heroin that same month. There was ample evidence in the record to support the jury’s verdict on Count Four.
[6] Rodriguez-Nieves argues that the district judge erred when she instructed the jury that the law did not require the government to specify the predicate acts of the continuing criminal enterprise charge in the indictment. Rodriguez-Nieves did not object to the jury charge, so the charge is reviewed for plain error. See United States v. Weintraub, 273 F.3d 139, 145 (2d Cir.2001). “We will reverse only if there has been (1) error, (2) that is plain, (3) that affects substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.” Id. (internal quotation marks and alterations omitted).
Given the overwhelming evidence, including physical evidence, cooperator testimony, and wiretap recordings featuring Rodriguez-Nieves, we cannot conclude that the defendant’s substantial rights were affected. We reject the challenge to the jury instruction.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED in part (insofar as it relates to the defendant’s conviction pursuant to 21 U.S.C. § 848(a), 848(b), and 848(c) (Count 3) and 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) (Count 4)), VACATED in part (insofar as it relates to the defendant’s conviction pursuant to 21 U.S.C. § 846 (Count 1) and 21 U.S.C. § 841(a) and 841(c) (Count 2)), and REMANDED for entry of an amended judgment consistent with this summary order.